Filed 6/17/26  P. v. Padilla CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065424 |
| v. | (Super. Ct. No. 22WF1924) |
| ANTONIO PADILLA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gary S. Paer, Judge. Affirmed.

Rachel P. Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Robin Urbanski and Flavio Nominati, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Antonio Padilla appeals following his conviction for second degree murder. His only contention on appeal relates to sentencing. He argues the trial court abused its discretion by refusing to strike a prior conviction for sentencing purposes.[1] We find no error and affirm the judgment.

STATEMENT OF FACTS

Because of the limited issues in this appeal, we need not set out the facts in great detail. Suffice to say that defendant was found guilty of the second degree murder of Regina L., an unhoused woman who was living in Huntington Beach at the time of her death in July 2022. At the time, Padilla was living in Huntington Beach, sleeping in a shed behind his mother's home.

Padilla's sister lived in their mother's home. One day around the end of June, she heard someone screaming in the backyard. A voice that sounded like a woman yelled "'help me, help me, he's going to kill me, help, help' and kept screaming that."

Padilla's mother noticed a bad odor near the shed beginning in early July, which grew progressively worse. Padilla's sister noticed other activity, including Padilla digging a hole in the backyard. She also saw him attempting to pour cement into the hole. Padilla also erratically painted the floor and sprayed bleach.

Eventually, Regina L.'s body was found buried in the backyard. The body was on her knees in the hole in the ground, and her ankles and

---

[1] In his opening brief, Padilla offered a second argument, contending the $300 restitution fine imposed by the court was an abuse of discretion pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157. After his opening brief was filed, the California Supreme Court decided *People v. Kopp* (2025) 19 Cal.5th 1. In his reply brief, Padilla concedes that in light of *Kopp* and the facts of this case, his argument is no longer viable.

wrists were bound behind her back. The body was headless, and the head was found underneath the body. A machete was found in a filing cabinet next to the shed.

At trial, along with substantial forensic evidence, the jury heard from clinical and forensic psychologist Lisa Grajewski, who conducted a psychological assessment of Padilla. She diagnosed him with schizoaffective disorder, depressed type. He also had substance abuse disorders that included alcohol, methamphetamine, and cannabis.

Padilla was charged with murder following the police investigation. (Pen. Code, § 187, subd. (a).)[2] It was further alleged that he had a prior serious and violent felony conviction for assault with a deadly weapon causing great bodily injury. (§§ 1170.12, subds. (b), (c)(1), 667, subds. (d), (e)(1), 245, subd. (a)(1), 12022.7, subd. (a).)

After the jury's guilty verdict, the court sentenced Padilla to a total term of 30 years to life in prison, reflecting an enhanced sentence for the prior conviction. Padilla now appeals.

## DISCUSSION

### I.

### STRIKE PRIOR

Padilla contends the court abused its discretion by failing to strike his prior serious and violent felony.

*A. Statutory Framework and Standard of Review*

A defendant may bring a motion to strike a prior conviction for sentencing purposes. (§ 1385.) Pursuant to section 1385, subdivision (a), "The judge or magistrate may . . . order an action to be dismissed." This provision

---

[2] Subsequent statutory references are to the Penal Code.

permits "a judge to dismiss not only an entire case, but also a part thereof, including the allegation that a defendant has previously been convicted of a felony." (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 508.) "When a court strikes prior felony conviction allegations in this way, it '"does not wipe out such prior convictions or prevent them from being considered in connection with later convictions."' [Citation.] Instead, the order striking such allegations simply embodies the court's determination that, '"in the interest of justice" defendant should not be required to undergo a statutorily increased penalty which would follow from judicial determination of [the alleged] fact.'" (*Id.* at p. 508.)

In deciding whether to grant such a motion, "the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review a court's decision on a motion to strike a prior conviction for abuse of discretion. (*People v. Williams, supra,* 17 Cal.4th at p. 162.) "A court's discretion is not unlimited and 'must be exercised within the confines of the applicable legal principles.' [Citations.] If a decision is influenced by an erroneous understanding of applicable law, then a trial court has not properly exercised its discretion." (*People v. Randolph* (2018) 28 Cal.App.5th 602, 614.) Error also occurs where the court applied improper factors. (*People v. Carmony* (2004) 33 Cal.4th 367, 378.) "The burden is on the

party challenging the sentence to clearly show the sentence was irrational or arbitrary." (*People v. Leavel* (2012) 203 Cal.App.4th 823, 837.)

*B. No Abuse of Discretion*

Padilla's prior strike conviction was for aggravated assault with a great bodily injury enhancement. (§§ 245, subd. (a)(1), 12022.7, subd. (a).) The probation report indicated Padilla's prior convictions as an adult were "numerous and of increasing seriousness," and included 18 misdemeanors and five felony convictions. He was on felony probation when he murdered Regina L.

In his motion to strike the prior, Padilla argued he suffered from schizoaffective disorder, alcoholism, and drug addiction at the time of the murder. He noted his prior strike conviction occurred in 2009, when he was 22 years of age; he was 37 at the time the probation report in this case was prepared.

At the hearing on Padilla's motion, the court stated: "I understand your arguments, but I'm going to deny your request to strike the strike. Here are the reasons. The nature of the current offense is more serious than other felonies. The current offense obviously is a violent felony. The Defendant played a major role in the current offense.

"Even though the strike prior was 11[3] years from the date of violation I don't really find that to be extremely remote. So it's not like we're talking about a 30-year-old strike prior. It's 11 years old. Also I would note that strike prior involved a crime of violence."

The court continued: "[T]he strike prior involved a felony assault and I believe it involved some injury. This crime did involve a high degree

---

[3] The record suggests the prior was 15 years old rather than 11.

of cruelty and callousness the way that this whole case unraveled.

"What is really aggravating and why I'm not striking the strike is that he committed the murder while he was on felony probation. . . . [¶] He's been to prison three times. He has an extensive criminal record. And also he violated his probation numerous times and he himself converted a probation non-state prison sentence into state prison sentences based on his violation of those probations. Also his performance on parole was also extremely poor. [¶] So those are the big reasons why I'm not striking the strike. I view Mr. Padilla as a threat to public safety, and I'm going to make sure this state prison commitment will ensure that no one else will suffer at his hand again."

The record indicates the trial court was aware of its discretion. It also indicates the court considered relevant facts and factors, including Padilla's lengthy criminal history and his performance on probation. Padilla complains that the 15 year old prior strike was "remote" and should have been considered mitigating. Remoteness itself, however, is insufficient. (§ 667, subd. (c)(3); see *People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1107.) Further, it is not as if the prior conviction acted as a catalyst for Padilla to change his ways. (*Ibid*.) Between the prior strike and the current one, defendant incurred numerous additional felony and misdemeanor convictions and served prison time. He was again on probation and violated it by killing Regina L. in this case.

Padilla argues that his diagnosed mental illness and substance abuse disorders should have been given more weight, and the court should have recognized the state's evolving policies from harsher sentencing in such cases. But we agree with the People that in this case, "the opportunities for such an approach have already been provided and exhausted." Padilla has been placed on probation multiple times, and there was no evidence he had

6

taken advantage of those opportunities to seek help instead of engaging in further criminal behavior.

The trial court found Padilla's extensive criminal record to be disqualifying. We agree. Striking a prior is a form of leniency, and the court did not abuse its discretion in deciding it was unwarranted in this case.

## DISPOSITION

The judgment is affirmed.


MOORE, J.

WE CONCUR:


MOTOIKE, P. J.


DELANEY, J.

7